**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Robert Jay Lagroon, Appellant,

v.

Crystal Suggs and Scott Suggs, Respondents.

Appellate Case No. 2024-000831

---

Appeal From McCormick County
Walton J. McLeod, IV, Circuit Court Judge

---

Unpublished Opinion No. 2025-UP-440
Submitted December 16, 2025 – Filed December 23, 2025

---

**AFFIRMED**

---

Robert Jay Lagroon, pro se, of McCormick.

Billy J. Garrett, Jr., of The Garrett Law Firm, PC, of Greenwood, for Respondent Crystal Suggs.

Robert Jamison Tinsley, Jr., of Greenwood, for Respondent Scott Suggs.

---

**PER CURIAM:** Robert Jay Lagroon appeals a jury's verdict awarding him $1 in nominal damages and $200 in punitive damages on a trespass action against Scott Suggs and Crystal Suggs (Crystal). On appeal, he argues the trial court abused its

discretion when it excluded evidence that Crystal Suggs swore at a process server when she was served with the action in 2017. We affirm pursuant to Rule 220(b), SCACR.[1]

We hold the trial court did not abuse its discretion when it excluded testimony—under Rules 401 and 403 of the South Carolina Rules of Evidence—that Crystal called a process server a "POS." *See Wright v. Craft*, 372 S.C. 1, 33, 640 S.E.2d 486, 503 (Ct. App. 2006) ("The admissibility of evidence is within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion or the commission of legal error prejudicing the defendant."); *id.* ("The trial court has wide discretion in determining the relevancy of evidence, and its decision to admit or reject evidence will not be reversed on appeal absent an abuse of that discretion."). At trial, Lagroon argued testimony that Crystal called the process server a "POS" was relevant to an award of punitive damages because it showed Crystal acted recklessly by "continu[ing] to act regardless of the consequences." However, we conclude this evidence was not relevant to an award of punitive damages because it did not relate to the conduct concerning the underlying trespass action. Further, Crystal's conduct was inflicted against a nonparty, not Lagroon. *See* Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); *Philip Morris USA v. Williams*, 549 U.S. 346, 353 (2007) ("[T]he Constitution's Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties . . . *i.e.,* injury that it inflicts upon those who are, essentially, strangers to the litigation."); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422 (2003) ("A defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages."); *id.* at 423 ("A defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business."); *Mellen v. Lane*, 377 S.C. 261, 290, 659 S.E.2d 236, 251 (Ct. App. 2008) ("Punitive damages can only be awarded where the plaintiff proves by clear and convincing evidence the defendant's

---

[1] Respondents did not file a brief. Although this court may take any action it deems proper, including reversal, when a respondent fails to timely file a brief, we find the record on appeal is sufficient for this court to affirm. *See* Rule 208(a)(4), SCACR ("Upon the failure of respondent to timely file a brief, the appellate court may take such action as it deems proper."); Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal.").

misconduct was willful, wanton, or in reckless disregard of the plaintiff's rights."); *id.* at 290, 659 S.E.2d at 251-52 (indicating one of the "factors relevant to consideration of punitive damages" is "the nature and extent of *the harm to plaintiff* which defendant caused or intended to cause" (emphasis added)). Because this evidence was not relevant, it was not admissible, and the trial court did not abuse its discretion in excluding the testimony. *See* Rule 402, SCRE ("Evidence which is not relevant is not admissible.").[2]

**AFFIRMED.**[3]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[2] Lagroon also argues the trial court abused its discretion when it excluded the evidence under Rule 403. Because this court has found this evidence is not relevant, we need not consider whether the trial court abused its discretion when it excluded the evidence under Rule 403. *See* Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.